UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIO DINERO SESSOMS,<br><br>               Petitioner,<br><br>   v.<br><br>UNKNOWN,<br><br>               Respondent. | Case No.   2:21-cv-01577-JDP (HC)<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GRANTING LEAVE TO AMEND WITHIN SIXTY DAYS<br><br>ECF No. 1 |

      Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. I have reviewed the petition and cannot tell whether petitioner is incarcerated, what his current claims are, or whether he has exhausted any claims by presenting them to the California Supreme Court. Thus, his petition cannot proceed past screening. I will allow him an opportunity to file an amended petition before recommending that this action be dismissed.

      The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner argues that, in December 2020, a California state court dismissed his habeas petition after finding that he was "out of custody." ECF No. 1 at 2. He does not state whether he appealed that decision to the California Supreme Court before bringing this action. Neither does he offer an intelligible argument as to why, if he is no longer in custody, habeas relief remains viable. Additionally, I cannot tell what claims are being raised. Petitioner alludes to violations of his *Miranda* rights and an unlawful arrest, *id.* at 5, several instances of ineffective assistance of counsel, *id.* at 5-7, 9, and prosecutorial misconduct at trial, *id.* at 8. The petition does not specify whether each of these issues is a separate claim or if some are being offered only for context. And, even if all are assumed to be claims, they are too vaguely pleaded to proceed. Petitioner mentions events involving law enforcement in Oklahoma but offers little specific background. He argues that his counsel made errors at trial but does not describe the alleged prejudice that he suffered. If this petition is to proceed, petitioner must label and explain each of the claims that he seeks to raise.

It is ORDERED that:

1. Petitioner may file an amended petition within sixty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

2. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:   September 8, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE